IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KATRINA MAXWELL                                                                                   PLAINTIFF

V.                         CASE NO.   5:09CV00185 JMM

WHITE HALL NURSING & REHAB CENTER                                         DEFENDANT

## ORDER

Plaintiff has filed an Application to proceed *in forma pauperis,* Complaint and motion for appointment of counsel.  After reviewing Plaintiff's *pro se* Complaint, the Court finds that the Complaint should be, and hereby is, dismissed *sua sponte*.

There is a two-step process to be followed by the district court in considering whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis*.  *Martin-Trigona v. Stewart,* 691 F.2d 856 (8th Cir. 1982).  First there is a determination of whether the plaintiff qualifies by economic status under 28 U.S.C. § 1915(a).  If she does, the complaint is permitted to be filed.  *Id.*  Second, assuming the allegation of poverty is not untrue, a determination is made under § 1915(e)(2)(B) of whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  If so, the complaint is to be dismissed. *Id.*[1]

---

[1] In *Martin-Trigona,* the Eighth Circuit noted that "[s]ome courts have blurred the distinction between § 1915(a) and § 1915[(e)(2)(B)] by approving the practice of denying leave to proceed in forma pauperis on the ground that the complaint is frivolous or malicious."  691 F.2d at 857.  The Court stated, however, that [t]he practice observed by most courts is to consider only the petitioner's economic status in making the decision whether to grant leave to proceed in forma pauperis" and that "[o]nce leave has been granted, the complaint should be filed and the court should consider whether to dismiss pursuant to § 1915 [(e)(2)(B)]."  *Id.  See also Haugen v. Sutherlin*, 804 F.2d 490, 491 n.2 (8th Cir. 1986)(the court may certify that the plaintiff may proceed in forma pauperis, assuming verification that the plaintiff is a pauper, and may allow plaintiff to file the complaint without paying a filing fee; however, before requiring service of process on the defendant(s), the court should evaluate the complaint to determine if it is frivolous

Because it appears that plaintiff's economic situation qualifies her for *in forma pauperis* status, the Court hereby grants plaintiff's application to so proceed (docket # 1).

The Court now turns to the determination of whether, pursuant to § 1915(e)(2)(B), this action should be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous if it "describ[es] fantastic or delusional scenarios," the factual contentions are "clearly baseless," or there is no rational basis in law. *Neitzke v. Williams,* 490 U.S. 319, 327-29 (1989). A court may dismiss such a complaint before service of process and without leave to amend. *Christiansen v. Clarke,* 147 F.3d 655, 658 (8th Cir.), *cert. denied,* 525 U.S. 1023 (1998). *See also Higgins v. Carpenter,* 258 F.3d 797, 800 (8th Cir. 2001), *cert. denied sub nom. Early v. Harmon,* 535 U.S. 1040 (2002).

Plaintiff filed her Complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. al. Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (emphasis added). The plaintiff in an employment discrimination lawsuit must show that an adverse employment action was related to an employer's discriminatory animus towards the employee based on a protected characteristic. *Stimpson v. City of Tuscaloosa*, 186 F.3d 1328, 1331 (11th Cir.1999).

In both Plaintiff's Complaint and her charge to the EEOC Plaintiff complains that she was wrongfully terminated for allegedly verbally abusing a patient. Plaintiff claims that she is

---

on its face and, if so, it should be dismissed).

being "used as a scapegoat to cover for the employee who actually abused the patient." Plaintiff does not allege discrimination on the basis of race, color, sex, religion or national origin.

Accordingly, Plaintiff's case must be dismissed because it fails to state a claim on which relief may be granted. Plaintiff's motion for appointment of counsel is denied as moot (docket # 3). The Clerk is directed to close the case.

IT IS SO ORDERED this 28th day of July, 2009.

_____
James M. Moody
United States District Judge